IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Eugene Frazier, Sr. and Lee Frazier, <br><br> Plaintiffs, <br><br> v. <br><br> Unum Group and Unum Life Insurance Company of America, <br><br> Defendants. | CASE NO.: 2:23-cv-00963-BHH <br><br><br> **COMPLAINT** <br> **(Jury Trial Requested)** |

The Plaintiff complaining of the Defendant would show unto this Honorable Court as follows:

1. The Plaintiff, Eugene Frazier, Sr., is a citizen and resident of Charleston County, South Carolina.

2. The Plaintiff, Lee Frazier, is a citizen and resident of Charleston County, South Carolina.

3. The Defendant, Unum Group, upon information and belief, is a foreign corporation organized in the State of Delaware and doing business and maintaining offices and agents in the County of Charleston.

4. The Defendant, Unum Life Insurance Company of America, upon information and belief, is a foreign corporation organized in the State of Maine and doing business in the State of South Carolina.

5. Through Plaintiff, Eugene Frazier, Sr.'s employer, Plaintiff, Lee Frazier, was enrolled in Defendants Unum's Employer Sponsored Disability plan Policy #: 636850 (hereinafter "Plan"). Unum was the insurer and claims administrator of the Plan.

6. Plaintiff's wife, Lee E. Frazier, was enrolled under the Plan.

7. The Plan is governed by the Employee Retirement and Income Security Act of 1974 ("ERISA") pursuant to 29 U.S.C. § 1001, et seq.

8. In this matter, Plaintiff sought disability insurance benefits under Defendant's policy which is governed by 29 U.S.C. §1132(a)(1)(B) and that this court has jurisdiction to hear this matter based upon a federal question.

9. The parties, subject matter and all things and matters hereinafter alleged are within the jurisdiction of this Court.

10. On July 6, 2019, Ms. Frazier fell from a second story and sustained severe and permanent injuries to her left acetabulum, left inferior pubic ramus, right sacral ala and right side ribs.

11. On August 6, 2019, Plaintiff's wife, Ms. Frazier, presented to Carolina Center for Pain and Rehabilitation for a consultation and was examined by Dr. James E. Warmoth. Dr. Warmoth recommended that Plaintiff's wife would need assistance with walking, bathing, and all other movements, as she could not handle basic tasks by herself.

12. On August 8, 2019, Mr. Frazier submitted the U.S. Department of Labor FMLA paperwork to his employer.

13. On or about September 10, 2020, Ms. Frazier sent a letter to Dr. Langdon Hartsock at the Medical University of South Carolina, requesting that he complete the Unum Spouse Disability Claim Form that she provided.

14. On November 17, 2020, Defendants sent a letter to Dr. Hartsock to get "a better understanding" of his medical opinion and to get additional medical data regarding Ms. Frazier's disability.

15. Ms. Frazier's doctor confirmed that she could not do her activities of daily living, much less do a job.

16. On December 3, 2020, Defendants sent a letter to Plaintiff stating that they had completed their review of the Long-Term Disability Claim, and that they would not be able to continue payment for the benefits. Plaintiffs informed the Defendants of their intent to file an appeal.

17. On January 25, 2021, Plaintiffs sent an appeal of the denial to Defendants.

18. On January 28, 2021, Defendants sent a letter acknowledging the appeal, and stated that they would complete a review and determine if it changed the original decision.

19. On February 8, 2021, Defendants sent a letter to Plaintiffs to inform them that they were not going to change their prior decision dated December 3, 2020.

20. On March 4, 2021, Plaintiffs sent an appeal with additional information to the Defendants, which included statements from family and pictures of all the devices that Ms. Frazier uses to assist her in her daily activities.

21. On March 16, 2021, Defendants sent to Plaintiffs which included the information that was used for the decision on appeal. Defendants stated that Plaintiffs had the right to review and respond to the additional evidence before they make their final decision.

22. On March 18, 2021, Defendants sent the completed appeal review, which was still denied.

23. Ms. Frazier remains crippled from her injuries and has never received the Long-Term Disability benefits she paid for.

## FOR A FIRST CAUSE OF ACTION

24. Plaintiffs respectfully request that this Court consider the lack of opportunity to create an administrative record in this case and any other evidence relevant to any factors discussed by *Champion v. Black & Decker,* 550 F.3d 353 94th (Cir. 2008), if applicable and depending on the standard of review, and declare pursuant to 29 U.S.C. §1132(a)(1)(B), that Plaintiffs are entitled to the benefits which they seek under the terms of the plan.

25. In the event that the court review the record and/or other relevant information and determines that the Defendants abused their discretion or that their decision is not supported by the record, but that the substance of the record might not support Plaintiffs' entitlement to benefits the Plaintiffs respectfully asks that, in the event of such a finding, that the Court exercise its inherent power to remand Plaintiffs' claim for a "full and fair" review by the appropriate claim fiduciary Defendants.

26. Should the Court award Plaintiffs any part of the relief requested, Plaintiffs additionally prays that the Court award her attorney's fees and costs pursuant to 29 U.S.C. §1132(g).

**WHEREFORE**, having fully stated their complaint against the Defendants, Plaintiffs pray for a declaration of entitlement to the disability insurance benefits they seek pursuant to 29 U.S.C. §1132(a)(1)(B), attorney's fees and costs pursuant to 29 U.S.C. §1132(g), and such other and further relief as this Court deems just and proper, including pre-judgment interest on all benefits due from the point at which benefits were payable through the time of judgment.

**WIGGER LAW FIRM, INC.**

*s/ Jarrel L. Wigger*
Jarrel L. Wigger (Fed. ID #6345)
Attorney for Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC 29406
(843) 553-9800

North Charleston, South Carolina
March 8, 2023

3